**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIE CARSON,

        Petitioner-Appellant,

v.

ANITA TRAMMELL, Warden,

        Respondent-Appellee.

No. 10-6270

(W.D. of Okla.)

(D.C. No. 5:10-CV-00449-C)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Willie Carson, a state prisoner proceeding *pro se*,[1] seeks a certificate of

appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C.

§ 2241 habeas petition. The petition raises a due process challenge to Carson's

prison disciplinary conviction that resulted in the revocation of earned credits and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Carson proceeds *pro se*, we review his pleadings liberally. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

other disciplinary sanctions. Having jurisdiction pursuant to 28 U.S.C. § 1291, we DENY Carson's request for a COA and DISMISS this appeal.

## I. Background

Carson is presently incarcerated at the Mack Alford Correctional Center in Stringtown, Oklahoma. In March 2009, however, while incarcerated at the Pushmataha County Jail, Carson was charged with prison misconduct based upon the discovery of (1) a cell phone and charger wrapped in a knee brace belonging to Carson, and (2) two pouches of tobacco. The items were discovered during a random shakedown of the kitchen where Carson worked as a dishwasher.

A disciplinary hearing was held and Carson was found guilty of Individual Disruptive Behavior, a Class X misconduct offense. His punishment included the revocation of 365 days of earned credits, assignment to disciplinary segregation, and a reduction in earned credit level. Carson appealed the conviction through the prison administrative appeals process and the conviction was affirmed.

Carson sought timely judicial review of the conviction in Oklahoma state court. On November 6, 2009, the state district court denied Carson's petition for judicial review and dismissed the case. The Journal Entry of Judgment denying relief was filed on December 9, 2009. *See* R., Vol. 1 at 52 (showing court clerk's file-stamp of "DEC - 9 2009"). On December 18, 2009, Carson filed a notice of intent to appeal in state district court. On January 19, 2010, Carson filed his

-2-

appeal in the Oklahoma Court of Criminal Appeals (OCCA).  Soon after, the

OCCA entered an order declining jurisdiction because Carson failed to seek

timely relief under the OCCA rules, which required appeals to be taken within

thirty days.

Carson then filed a petition for habeas corpus in federal district court

raising a due process challenge to his misconduct conviction on the grounds that

(1) there was no evidence to support the conviction,[2] and (2) he was denied access

to evidence—a surveillance videotape—to support his factual innocence claim.[3]

Pursuant to a court order, Respondent-Appellee filed a motion to dismiss Carson's

habeas petition.  The matter was referred to a magistrate judge who issued a

Report and Recommendation that recommended the habeas petition (1) be

dismissed based upon procedural default, or (2) in the alternative, be denied on

the merits.  The magistrate judge noted the OCCA declined jurisdiction over

Carson's appeal because it was untimely filed and therefore procedural default

barred his federal habeas claims.  The magistrate judge acknowledged there may

---

[2] In his habeas petition, Carson labels the first ground for relief as a denial
of due process and equal protection of the law.  However, we construe this as
only stating a due process claim because Carson's substantive arguments only
relate to an alleged due process violation and his appeal in state court only
asserted a claim based upon a due process violation.

[3] Carson framed his habeas petition as pursuant to 28 U.S.C. §§ 2254 and
2244b.  Because the petition does not challenge the validity of his conviction or
sentence, but rather the execution of his sentence—the revocation of 365 earned
credits—we construe his petition as pursuant to § 2241.  *See Montez v. McKinna*,
208 F.3d 862, 865 (10th Cir. 2000).

have been cause for Carson's default based on potential confusion created by the duplicate Journal Entry of Judgment filed by the state district court on December 30, 2009. If Carson had filed his petition with the OCCA based upon the date of the duplicate entry it would have been timely. But even if this demonstrated sufficient cause, the magistrate judge determined Carson failed to satisfy the actual prejudice component of the exception to procedural default because some evidence supported his conviction. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (finding due process requires revocation of prison inmate good time credits to be supported by "some evidence in the record").

After considering arguments raised in Carson's objections, the district court adopted the Report and Recommendation of the magistrate judge in its entirety and denied Carson's habeas petition. The district court also denied Carson's requests for a COA and to proceed *in forma pauperis* on appeal.

## II. Discussion

A state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2241 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); *see Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding that state prisoners must obtain a COA to appeal denials of 28 U.S.C. § 2241 petitions). Before granting a COA, we must conclude that Carson "has made a substantial showing of the denial of a constitutional right."

§ 2253(c)(2). Carson bears the burden of demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). Because Carson's COA was denied on procedural grounds, we must find both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

A state prisoner seeking habeas relief in federal court must first exhaust all available state court remedies "unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)). "The Supreme Court has explained that if state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Id.* at 819. A procedural default may be excused if a petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* (quotation omitted).

Oklahoma law establishes a process for judicial review of prison disciplinary proceedings that result in the revocation of earned credits. *See* OKLA. STAT. ANN. tit. 57, § 564.1; *see also Magar*, 490 F.3d at 818–19 (discussing Oklahoma's process for judicial review of prison disciplinary proceedings under § 564.1). In the review process, a court determines "whether due process was provided by the revoking authority," and the statute enumerates seven factors the court must consider in making its determination. *See* § 564.1(D)(1)–(7). Carson's due process claims fall within the scope of judicial review under § 564.1 and he has not demonstrated how such a process was ineffective to protect his due process rights.

After the state district court denied Carson's petition for judicial review, § 564.1 permitted him to appeal that decision to the OCCA, pursuant to its rules. *See* § 564.1(G). Under those rules, a petition in error must be filed with the OCCA "within thirty (30) days from the date the final order adjudicating the petition for judicial review is filed with the clerk of the district court." OKLA. STAT. ANN. tit. 22, Ch. 18, App., Ct. of Crim. App. R. 15.3(A). Filing of the petition is jurisdictional and a failure to timely file constitutes waiver of the right to appeal. *Id.* The district court order denying Carson's petition for judicial review was filed on December 9, 2009. Carson filed his petition in error with the OCCA on January 19, 2010. Because it was not filed on or before January 8, 2010, the OCCA declined jurisdiction over his appeal because it was not timely

-6-

filed. Carson's failure to timely appeal his claims to the OCCA is a procedural default and bars review of his claims in a federal habeas petition.

Carson's procedural default may be excused if he demonstrates either (1) cause for the default and actual prejudice from the violation of federal law, or (2) a fundamental miscarriage of justice if his claims are not considered. In his habeas petition before the federal district court, Carson alleged the state district court created confusion surrounding his receipt of its Journal Entry of Judgment denying his petition for judicial review. Carson alleges he received two copies of the Journal Entry on December 14, 2009 and January 4, 2010. Additionally, from the record, it appears the district court filed two Journal Entries of Judgment on December 9, 2009 and December 30, 2009. The magistrate judge, in the Report and Recommendation, noted Carson's "allegations of cause appear to have potential merit" based upon these duplicate entries. R., Vol. 1 at 5–6. Nonetheless, the magistrate judge determined Carson failed to satisfy the actual

prejudice component of the exception to procedural default[4] and his procedural

default was not excused.

On appeal, Carson does not re-assert his arguments regarding cause for his

procedural default and therefore we do not consider such claims. However, even

if we considered his arguments, we agree with the thorough and reasoned decision

of the magistrate judge in the Report and Recommendation that Carson failed to

demonstrate actual prejudice. We also agree that failure to consider his claims

will not result in a fundamental miscarriage of justice.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment,

DENY Carson's request for a COA, DENY Carson's motion to proceed *in forma*

---

[4] The magistrate judge considered Carson's claims that he was denied due process in the prison disciplinary proceedings because Carson alleged no evidence supported his disciplinary conviction. The magistrate judge examined the record to determine if there was "some evidence" to support Carson's disciplinary conviction. *See Hill*, 472 U.S. at 454 ("[R]evocation of good time does not comport with the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.") (quotation and citation omitted). The offense report and incident report, which contained an officer's statements and descriptions of the contraband found in Carson's knee brace, was "some evidence" supporting Carson's conviction for the possession of contraband. The magistrate judge also found Carson (1) made no request for the surveillance videotape before his disciplinary hearing, (2) did not request the videotape be presented at the hearing, and (3) requested the videotape only in appealing his conviction. Thus, the magistrate judge concluded Carson failed to show actual prejudice to overcome his procedural default.

*pauperis*, and DISMISS Carson's appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge